[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11861
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00337-CV-WDO-5

VALENCIA GARY,

Plaintiff-Appellee,

ANNIE PEARL REED,

Plaintiff,

versus

JERRY MODENA, Individually and as
Sheriff of Bibb County, GA., et al.,

Defendants,

JACK CLEVELAND, Individually and in his official
capacity as Deputy Sheriff of Bibb County, GA.,
HARRY LAWRENCE, Individually and in his official
capacity as Deputy Sheriff of Bibb County, GA.,
SANDRA K. WHITE, Individually and in her official
capacity as agent or employee of Prison Health Services,
Inc., and/or Bibb County Sheriff's Office,
ANTONIO DRISKELL, JERRY MINTON,

Defendants-Appellants.

––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Middle District of Georgia

––––––––––––––––––––––––––––

**(August 14, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion for summary judgment based upon qualified immunity. This appeal arises from our opinion in <u>Gary v. Modena</u>, No. 05-16973 (11th Cir. Nov. 21, 2006) (J. Pryor concurring in part and dissenting in part), wherein we affirmed a summary judgment in favor of multiple defendants but reversed the summary judgment in favor of these appellants and remanded for trial as to them. The contention being made in this appeal is that the court in its earlier ruling did not specifically consider whether or not these appellants' actions could be found to have violated clearly established law and a violation of the plaintiffs constitutional rights. We find no merit in this argument.

Clearly, the majority opinion of the court addresses the evidence that could be the basis for a jury finding of deliberate indifference to a serious medical need. In the Discussion portion of the opinion we set forth both the legal test and the clearly established law. We stated in part:

### III. DISCUSSION

*A. Deliberate Indifference Under 42 U.S.C. § 1983*

2

Title 42 U.S.C. § 1983 (2006) provides that:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress."

Gary alleges that the defendants, who served as public officials of Bibb County, the Bibb County Sheriff's Office and / or PHS, violated Jerry Butts' Eighth and / or Fourteenth Amendment rights by denying him access to necessary medications and by failing to complete a medical screening of him when he presented obvious signs of a serious medical condition. Since Butts was a pre-trial detainee at the time of alleged violations, Gary's deliberate indifference claims fall under the due process clause of the Fourteenth Amendment and not the cruel and unusual punishment prohibition of the Eight

Amendment. *Ingraham v. Wright*, 430 U.S. 651, 671 n.40, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711, 730 (1977); *McDowell v. Brown*, 392 F.3d 1283, 1290 n.8 (11th Cir. 2004), *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

Nevertheless, due process requires that prison officials provide all persons in state custody such basic human needs as medical care, regardless of whether the persons have been incarcerated or are being held in detention. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985) (holding that "in regard to providing pretrial detainees with such basic necessities as ... medical care[,] the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons); *see also Cottone*, 326 F.3d 1352, 1357, citing *Marsh*, 268 F.3d at 1024 n.5. Accordingly, we look to the Eighth Amendment's deliberate indifference standards when analyzing Gary's 42 U.S.C. §1983 claim. *McDowell*, 392 F.3d at 1290 n.8.

4

A prison official may be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847,114 S.Ct. 1970, 1984, 128 L.Ed.2d 811, 832 (1994). To demonstrate that a prison official acted with deliberate indifference to an inmate's medical needs, a plaintiff must provide evidence that the inmate presented an objectively serious medical need and that the official ignored it. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

We have defined a serious medical need as one that is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 1243 (quoting *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). Additionally, a plaintiff who alleges a deliberate indifference claim against a prison official must show that the official's

alleged unconstitutional acts caused his injury. *Marsh*,

268 F.3d at 1028.

To argue that the court failed to decide whether or not appellants' conduct could be found to have violated clearly established law and whether appellants were on notice that their conduct could be found to have violated Mr. Butts' rights under the Eighth and Fourteenth Amendments is to simply ignore the language of the opinion. The majority concluded that there were genuine issues of material facts that precluded summary judgment as to these appellants because the record includes evidence that would support a finding of deliberate indifference to a serious medical need. The Supreme Court has made clear that such conduct can be found to be a violation of one's constitutional rights. In Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court recognized that the Eighth Amendment's prohibition against cruel and unusual punishment, made applicable to the States through the Fourteenth Amendment's Due Process Clause, requires the State to provide adequate medical care to incarcerated prisoners. Justice Marshall wrote: "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." This includes "indifference ... manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally

interfering with the treatment once prescribed." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (footnotes and internal quotation marks omitted).   This law has been clearly established for many years.

As to these appellants, the matter was remanded for trial.  A jury may conclude that one or more or all of these appellants did or did not violate the constitutional rights of Mr. Butts.

The ruling of the district court is AFFIRMED.